**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JADA NOONE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:18-2024** |
| **v.** | : | **(MANNION, D.J.)** |
| **SCOTT HAWLEY and MICHAEL ADAMS** | : | |
| | : | |
| **Defendants** | | |

## <u>MEMORANDUM</u>

Presently before the court are two motions *in limine* filed by the plaintiff Jada Noone to preclude the defendants Trooper Scott Hawley and Trooper Michael Adams from (1) calling witnesses and using or offering any exhibits into evidence, (Doc. 32), and (2) introducing evidence of Noone's association with the driver of the vehicle in which illegal activity occurred, (Doc. 34). For the reasons set forth below, the first motion will be **DENIED**, and the second motion will be **GRANTED in part** and **DENIED in part**.

## I.   BACKGROUND

As noted in the court's prior memorandum, authored by the Honorable A. Richard Caputo, this case arose out of the arrest of Noone by the Wilkes-Barre Police Department. (Doc. 31). Noone was arrested and charged with varying counts of possession, conspiracy to possess, and possession with

intent to distribute a controlled substance resulting from her alleged role in selling heroin to Trooper Adams on May 23, 2016. The incident was caught on video, but the woman depicted in the video of the transaction was not initially apprehended or identified. Trooper Adams, together with Trooper Hawley, eventually determined that Noone was the woman who sold the drugs during the controlled buy.

Noone was arrested and charged but the charges were ultimately dismissed when it was determined that Noone was misidentified as the woman involved in the controlled buy. Noone subsequently initiated this action on October 18, 2019. In it, Noone alleges that the woman in the video who sold the drugs was clearly not Noone based on salient characteristics, such as skin color, presence of tattoos, and hair color, which were obvious at the time of the identification, and that Defendants violated her constitutional rights by arresting her. (Doc. 10).

On March 2, 2020, Noone filed the instant motion *in limine*, (Doc. 32), to preclude defendants from calling witnesses or entering exhibits into evidence as a result of Defendants' purported failure to make their Rule 26(a)(3) disclosures by December 30, 2019, in accordance with the court's case management order. (Doc. 22). Noone also filed a motion *in limine* to

prelude evidence or argument about Noone's association with the driver of a vehicle in which illegal activity occurred. (Doc. 34).[1]

Defendants filed briefs in opposition. (Doc. 39; Doc. 40). Noone filed reply briefs. (Doc. 41; Doc. 42). The motions are now ripe for this court's review.

## II.   STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir.1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D.Pa. July 27, 2017). Further, "[c]ourts may

---

[1] On March 16, 2020, the case was reassigned to the undersigned.

exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citation omitted).

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017) (citation omitted). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## III.   DISCUSSION

Pursuant to the court's October 15, 2019 case management order, the parties were to make the necessary disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure by December 30, 2019. (Doc. 22). In her first motion, Noone contends that she filed her disclosures on December 30, 2019, but despite being served with Noone's disclosures, Defendants "simply ignored their obligation to timely serve disclosures." (Doc. 33, at 2). Noone states she was prejudiced by this failure because her trial preparation "cannot occur in the time the Court allocated," and "plaintiff's counsel is prejudiced in that they are the only ones who view their obligation to follow

the Court's orders, and put aside other obligations in order to do so." (Doc. 33, at 2).

In response, Defendants state plainly that the failure to follow the case management order was an oversight and by no means intentional or disrespectful. Defendants, however, point out that virtually all the evidence listed in Noone's disclosures were items provided by the Defendants and, because Defendants have no intention to introduce anything that was not provided in discovery, there is no prejudice to Noone.

The court agrees with Defendants and declines to impose the draconian measure of prohibiting Defendants from presenting any evidence or introducing any exhibits into evidence. In determining whether to exclude some or all of a witness's testimony due to the failure of a party to comply with pre-trial requirements, a Court should assess the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). *See also, DeMarines v. KLM Royal Dutch*

*Airlines*, 580 F.2d 1193, 1201-02 (3d Cir. 1978). Additionally, the court must take into consideration the significance of the practical importance of the excluded evidence. *DeMarines*, 580 F.2d at 1202.

The Third Circuit has cautioned that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers, 559 F.2d at 905 (citing *Dudley v. S. Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir. 1977)). In other words, the "exclusion of evidence is a drastic sanction which must pass the strict *Meyers* test to be upheld." *DeMarines*, 580 F.2d at 1202 (internal citation omitted). The Third Circuit has thus reversed the exclusion of expert testimony by district courts where there is only a "slight deviation from pre-trial notice requirements, and admitting the witness [is] likely to cause only slight prejudice" to an opposing party who was already aware of the "basic substance of the witness' testimony." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 792 (3d Cir. 1994) (citing *DeMarines*, 580 F.2d at 1202).

The exclusion of all of Defendants' evidence and witnesses is the most extreme of sanctions that is in no way appropriate here and Noone's contention that it is warranted strains credulity. As Defendants observe, Noone has not demonstrated any prejudice save for being delayed in trial

preparation and being the only party who takes seriously the obligation to abide by court orders.

Noone's argument that her counsels' trial preparation was disrupted is dubious given that no trial date has been set and, in light of the pandemic, jury trials have been suspended for the better part of one year. Standing Order 2021-03. Further casting doubt on Noone's allegations of prejudice are Defendants' representations that they have been deposed and discovery materials provided, that the vast majority of the items Noone listed as items she intends to introduce were provided to her by Defendants, (Doc. 27-1), and Defendants' representation that no surprise witnesses will be called. Thus, any prejudice to Noone is, at best, "extremely minimal." *In re Paoli*, 35 F.3d at 792.

Although Defendants' failure to provide timely disclosures may have been careless, there is no evidence of willfulness or bad faith, or that Defendants were demonstrating repeated or flagrant disregard of court orders. Thus, as should be patently obvious, Defendants' omission here is definitively not of the type that merits the extreme sanction of exclusion of evidence—let alone all evidence and all witnesses. *In re Paoli*, 35 F.3d at 792 (noting a "slight deviation from pre-trial notice requirements" where the opposing party was already aware of the "basic substance" of the proposed

witness's testimony" did not warrant exclusion). In the future, Noone would be better served by attempting to amicably resolve such oversights by opposing counsel rather than wasting limited judicial resources with frivolous motions. As Defendants point out, a simple email to opposing counsel would have sufficed. Accordingly, Defendants' first motion *in limine*, (Doc. 32), is **DENIED**.

In her second motion *in limine*, Noone seeks to preclude Defendants from presenting evidence of her association with the driver of the vehicle in which the illegal activity occurred. Noone contends that Defendants chose to arrest her because she knew and had a relationship with that individual, Ake Miller. Noone is "concerned that [D]efendants will attempt to minimize their illegal conduct or the damages Ms. Noone suffered because of her association with a person who committed a crime." (Doc. 35, at 2). Noone argues that such evidence has no relative or probable value and, if it did, the probative value is outweighed by the danger of unfair prejudice to her.

In response, Defendants observe that Noone was living and dating Miller, who was the father of two of her children and the drug dealer involved in the controlled buy. Defendants also note that Miller told Trooper Adams that "his girl" was going to deliver the heroin. (Doc. 40-1, at 3). Defendants argue that this evidence is relevant for two reasons. First, they argue, to the

extent Noone desires to exclude such evidence because of its potential to cause reputational harm to her, any harm is minimized by the fact that Noone continued her association with Miller and had her second child with him after he was released from prison.

Secondly, Defendants argue that, although they were not aware of it at the time, it was later determined that Noone lent her car to Miller to aid in the drug transaction. Curiously, Defendants argue "although Defendants had not discovered it at the time, there would have been probable cause for the arrest on conspiracy until the facts were determined as to how Ake Miller came into possession of her car during a drug transaction." (Doc. 40, at 5). Thus, it appears Defendants seek to introduce evidence that Noone was the owner of the vehicle.

Defendants are fundamentally incorrect about the admissibility of the car ownership evidence with respect to the probable cause analysis. Additionally, while the court ultimately agrees with Defendants that Noone's relationship with Miller is admissible evidence, it is not for the reasons Defendants advance.

As to the relationship evidence, Noone has not argued that she desires to have it excluded because it may damage her reputation in her community or with the public. Instead, she contends that her association may prejudice

the jury—that is, that the jury may "hold against her that she lived with Mr. Miller" and that it may cause jury members not to find in her favor where they otherwise would. (Doc. 41, at 3).

Nevertheless, critical to the determination of whether Defendants can be held liable for Noone's claims of unlawful search and seizure, malicious prosecution, and false arrest/false imprisonment is the question of whether Defendants had probable cause to arrest Noone. *See Lawson v. City of Coatesville*, 42 F.Supp.3d 664, 673 (E.D.Pa. 2014) (observing that the threshold question for a plaintiff's fourth amendment unlawful search and seizure, false arrest, false imprisonment, and malicious prosecution claims was whether the officers had probable cause); *see also Cost v. Borough of Dickson City*, No. 18-1494, 2020 WL 6083272, at *4 (M.D.Pa. 2020).

"Probable cause to arrest exists when the facts and circumstances *within the arresting officer's knowledge* are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (internal quotation marks omitted). *See also Lawson*, 42 F.Supp.3d at 673 ("An arrest was made with probable cause if 'at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge . . . were sufficient to warrant a prudent man in

- 10 -

believing that [the suspect] had committed or was committing an offense.'" (internal quotation marks omitted)). "In conducting an inquiry into whether probable cause to arrest existed, a court should consider the totality of the circumstances presented, and 'must assess the knowledge and information which the officers possessed at the time of arrest, coupled with the factual occurrences immediately precipitating the arrest.'" *Price v. Zirpoli*, No. 11-cv-1330, 2016 WL 3876442, at *5 (M.D.Pa. Jan. 20, 2016) (citing *United States v. Stubbs*, 281 F.3d 109, 122 (3d Cir. 2002)).

Therefore, the question here is what evidence was available to the officers as of May 25, 2017—the date that charges were filed against Noone. Then, based on that evidence, the factfinder can determine whether it was sufficient to warrant a prudent man in believing that Noone had committed or was committing the offenses.

The facts that Miller said his "girl" would affect the drug transaction and that Noone was Miller's girlfriend and living with him were known to the Defendants at the time of her arrest. Because these facts—like the facts regarding Noone's immutable characteristics (in comparison to the female depicted in the video)—have a tendency to make it more or less likely that Noone was the female involved in the drug transaction, they are relevant to the issue of whether there was probable cause for Noone's arrest.

Although Noone contends the relationship evidence is prejudicial to her, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury under Federal Rule of Evidence 403. This is because they bear directly on the critical issue of probable cause. As noted, the existence of probable cause for each of the charges against Noone would be fatal to her claims. *See Cost,* 2020 WL 6083272, at *4 (noting the existence of probable cause preludes claims under §1983 for unlawful search and seizure, false arrest/false imprisonment, and malicious prosecution); *see also Lawson v.,* 42 F.Supp.3d at 673. Moreover, Noone herself appears to base her theory of the case on her relationship with Miller: "Even though Ms. Noone was not present for any criminal activity, *because Ms. Noone knew and had a relationship with the male in the car*, [D]efendants chose to arrest her and charge her with the crime that occurred in the car, even though she was clearly not involved." (Doc. 35, at 2) (emphasis added).

Therefore, Noone's motion is **DENIED in part** and Defendants will be permitted to introduce into evidence the facts and circumstances regarding Noone's connections to Miller and the sale of drugs that Defendants were aware of at the time charges were brought against Noone.

By the same token, however, the evidence that Noone owned the vehicle involved in the drug transaction is inadmissible. Both parties concede that Defendants were not aware that Noone owned the vehicle involved in the controlled buy until after her arrest. Thus, that fact played no role in Defendants' decision to arrest Noone and, as such, it is irrelevant to the probable cause analysis.

Defendants' theory that such evidence should be admissible because, had they known it at the time, it would have provided probable cause is fundamentally incorrect, as the law is clear and consistent that the relevant inquiry is what the officers knew at the time of arrest. Defendants' other theories for the admissibility of this evidence are similarly unavailing since neither *Price* nor the independent source rule, even if applied in the civil context, can be construed to mean that after-acquired evidence should be considered in the probable cause analysis.[2]

Accordingly, Noone's motion *in limine*, (Doc. 34), is **GRANTED in part** and Defendants will not be permitted to introduce evidence that Noone was the owner of the vehicle involved in the drug transaction in order to support their position that probable cause existed for Noone's arrest.

---

[2] This ruling does not, however, foreclose the possibility that such evidence may be admissible under one of the other rules of evidence. Should the issue arise, the court will make a ruling at the that time.

## IV.    CONCLUSION

In conclusion, Noone's motion *in limine* to prelude Defendants from calling witnesses and using or offering exhibits into evidence, (Doc. 32), is **DENIED**. Noone's motion *in limine* to preclude evidence of Noone's association with Miller, (Doc. 34), is **GRANTED in part** and **DENIED in part** as set forth in the preceding discussion.

An appropriate order will issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 1, 2021**
18-2024-01

- 14 -